| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RONIN STAFFING LLC<br>MARGARET A. PHILLIPS<br>CORAM SPECIALTY INFUSION SERVICES, LLC<br>CORPORATE EMPLOYMENT RESOURCES, INC.<br>APRIA HEALTHCARE COMPANY<br>CORPORATE SERVICES GROUP HOLDINGS, INC,<br><br>Defendants. | **ORDER** |

THIS MATTER is before the Court on Defendants' Motions to Dismiss. Although they have filed three separate motions, Defendants ask this Court to abstain from exercising jurisdiction during the pendency of an underlying state court action. Defendants Margaret Phillips ("Defendant Phillips") and Ronin Staffing, LLC ("Defendant Ronin") have filed a joint Motion. (Doc. No. 22). Defendants Corporate Employment Resources and Corporate Services Group Holdings ("Corestaff Defendants") have filed a joint Motion. (Doc. No. 28). Defendants Coram Specialty Infusion Services ("Defendant Coram") and Apria Healthcare Company[1] ("Defendant Apria") have filed a joint Motion. (Doc. No. 31). Each motion has been fully briefed, and all are ripe for

---

[1] Defendant Coram is "an Apria Healthcare Company" according to Defendants Coram and Apria's Motion to Dismiss (Doc. No. 31-1, p. 17).

1

review. For the reasons stated herein, the Court GRANTS IN PART and DENIES IN PART Defendants Phillips and Ronin's Motion to Dismiss. (Doc. No. 22). The Court GRANTS the Motions to Dismiss filed by Defendants Corestaff, Coram, and Apria. (Doc. Nos. 28, 31).

### I. BACKGROUND

#### a. The Parties

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") is an insurance company organized under the laws of Pennsylvania. (Doc. No. 1, p. 2). Defendant Ronin is a staffing company domiciled in California. Id. Corestaff Defendants provide management and staffing services and are domiciled in Delaware, Texas, and Georgia. Id. Defendant Coram, a subsidiary of Defendant Apria, provides medical infusion services and is domiciled in Delaware and Rhode Island. Id. Defendant Apria provides healthcare services and medical equipment and is domiciled in California. Id. Defendant Phillips is domiciled in Mecklenburg County, North Carolina and, relevant to this lawsuit, is a pharmacy technician. Id.

#### b. Factual Background

In July 2008, Defendant Coram allegedly entered into a "Management Services Agreement" with Corestaff Defendants, for the purpose of providing temporary workers and management services for Coram facilities. (Doc. No. 1, p. 4). In furtherance of its staffing obligations under the Agreement, Corestaff Defendants allegedly entered into a different staffing agreement with Defendant Ronin, which required Defendant Ronin to provide staff to Corestaff Defendants so Corestaff could in turn fulfill its obligations to Defendant Coram. Id.

Defendant Phillips was allegedly working as a pharmacy technician for Defendant Coram in January 2013 pursuant to the staffing agreements between Defendants Coram, Corestaff, and Ronin. See id. While Defendant Phillips was working as a pharmacy technician for Defendant Coram, Defendant Phillips allegedly "failed to properly compound" a medical solution given to

2

patient K.H. Id. K.H. allegedly suffered permanent brain damage after taking the solution improperly compounded by Defendant Phillips. Id. K.H and his family instituted a lawsuit in 2017 against Defendant Coram for damages sustained because the allegedly improperly compounded solution. Id. at p. 5.

Shortly after being served, Defendant Coram allegedly "tendered" the lawsuit to Corestaff Defendants in December 2018 who, in turn, are alleged to have tendered the suit to Defendant Ronin. Id. Defendant Ronin then allegedly tendered the underlying suit to its insurer, Plaintiff, and Plaintiff contends it denied coverage for Corestaff Defendants. Id. Plaintiff also contends it never received any tendered lawsuit from Defendant Coram. Id.

In 2019, the lawsuit between K.H. and Defendant Coram allegedly settled. Id. at p. 6. However, later that year Defendant Coram brought suit ("Underlying Lawsuit") against Defendants Corestaff and Ronin, seeking contribution and indemnification and asserting other state law claims. Id. In the Underlying Lawsuit, Defendant Coram specifically alleged Corestaff Defendants and Defendant Ronin were contractually required under the Management and Staffing Agreements to defend and indemnify Defendant Coram for the K.H. lawsuit. Id. Defendant Coram also seeks to hold Corestaff Defendants and Defendant Ronin liable for breach of contract, fraud, negligent misrepresentation, and unfair and deceptive trade practices. Id. Defendant Coram also seeks contribution from Defendant Phillips in the Underlying Lawsuit. Id. at p. 7.

Defendant Ronin has allegedly made a demand upon Plaintiff pursuant to two insurance policies,[2] asking Plaintiff to provide coverage for it and Defendant Phillips in the Underlying Lawsuit instituted by Defendant Coram. Id. at p. 7. Plaintiff asserts it has agreed to afford coverage

---

[2] The two policies at issue are: (1) a CGL policy issued by Plaintiff to Defendant Ronin, which extended coverage for the period between April 3, 2012 and April 3, 2013 ("CGL Policy"); and (2) a BO Policy issued by Plaintiff to Defendant Ronin, which extended coverage for the period between June 19, 2012, through June 19, 2013 ("BO Policy"). (Doc. No. 1, p. 7).

3

to Defendant Ronin and Defendant Phillips "subject to a full reservation of rights." Id. However, Corestaff Defendants are alleged to have also sought coverage from Plaintiff, and Plaintiff has denied such request. Id. at p. 8.

Plaintiff commenced this lawsuit on July 13, 2020 seeking a declaratory judgment that it has no duty to extend coverage to Defendants Coram, Ronin, Ms. Phillips, or Corestaff for the Underlying Lawsuit or in connection with the now-settled K.H. lawsuit. Id. at pp. 32-33. Defendants Phillips and Ronin filed a Motion to Dismiss on November 16, 2020, (Doc. No. 22); Corestaff Defendants filed a Motion to Dismiss on December 4, 2020, (Doc. No. 28); and Defendants Apria and Coram filed a Motion to Dismiss on December 7, 2020. (Doc. No. 31). Although each Motion has been filed separately, they all seek dismissal on the same basis: lack of jurisdiction to issue a declaratory judgment while the Underlying Lawsuit is pending in state court.

## II. DECLARATORY JUDGMENT

Pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Act, however, gives the court the discretion to decline issuing the judgment. Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421 (4th Cir. 1998). The court's discretion must be balanced by considerations of federalism, efficiency, and comity. Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994), *abrogated on other grounds by* Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257-87 (4th Cir. 1996). When considering federalism, efficiency, and comity, the Fourth Circuit has explained that a court should evaluate the following: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state court could resolve the issue more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create

4

unnecessary entanglement between the state and federal courts; and (4), whether the federal action is mere "procedural fencing." Nautilus Ins. Co., 15 F.3d at 377.

### III. PHILLIPS AND RONIN MOTION TO DISMISS

Defendants Phillips and Ronin move to dismiss this declaratory judgment action against them for two reasons: (1) the instant lawsuit will not serve a useful purpose and (2) the instant lawsuit is contrary to "considerations of federalism, efficiency, and comity." (Doc. No. 22-1, p. 7). The Court will address each of their arguments in turn.

#### a. Useful Purpose

The Fourth Circuit has explained that district courts may decline to exercise jurisdiction over declaratory judgment actions if entertaining the case would "not serve a useful purpose in clarifying and settling the *legal* relations in issue." Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (emphasis added). Here, Defendants Philips and Ronin argue for dismissal because this declaratory judgment action requires factual determinations, rather than a pure legal determination. Specifically, Defendants assert the Court would be required to determine what Ms. Phillips did or did not do in preparing the "allegedly improperly-compounded solution" and "what sort of notice of the underlying incident . . . was provided to whom and when." (Doc. No. 22-1, p. 7).

Defendants' argument is misplaced. To the extent Plaintiff seeks a declaratory judgment regarding its duty to defend in the Underlying Lawsuit, the Court's analysis would be limited to determining whether the facts as alleged in the complaint Underlying Lawsuit are "covered or excluded." See Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc., 932 F.3d 268 (4th Cir. 2019); see also St. Paul Reins. Co. v. Rudd, 67 F. App'x. 190, 195-97 (4th Cir. 2003) (reviewing a district court's grant of summary judgment in declaratory judgment action when insured's compliance

5

with notice provisions was at issue). [3] There would be no need for this Court to resolve any factual issues in determining whether the complaint in the Underlying Lawsuit alleges facts arguably covered by the insurance policies at issue. Thus, asking this Court to clarify and settle the legal question of whether Plaintiff has a duty to defend Defendants Phillips and Ronin would serve a useful purpose in clarifying the legal relationship between the three parties.

However, to the extent Plaintiff seeks a declaratory judgment regarding its duty to indemnify, the Court comes to a different conclusion. A duty to indemnify requires a finding of liability, and "[t]he Fourth Circuit has recently questioned whether subject matter jurisdiction can exist in a duty-to-indemnify declaratory judgment claim, absent a finding of underlying liability." Zurich Am. Ins. Co. v. Covil Corp., No. 1:18-cv-932, 2020 WL 4483236, at *3 (M.D.N.C. Aug. 4, 2020) (citing Trustgard Ins. Co. v. Collins, 942 F.3d 195, 199-201 (4th Cir. 2019)). Thus, until and unless liability is established in the Underlying Lawsuit, this declaratory judgment action as to indemnification would not serve a useful purpose in clarifying the legal relationship between Plaintiff, Defendant Phillips, and Defendant Ronin.

### b. Federalism, Efficiency, Comity

The Court is likewise not persuaded by Defendants' arguments regarding federalism, efficiency, and comity with respect to the issue of Plaintiff's duty to defend. Federal district courts routinely retain jurisdiction over declaratory judgment actions such as this. See, e.g., Episcopal Church in S.C. v. Church Ins. Co. of Vt., 53 F. Supp. 3d 816 (D.S.C. 2014); Erie Ins. Prop. & Cas. Co., Inc. v. Edmond, 785 F. Supp. 2d 561 (N.D. W.Va. 2011). The Underlying Lawsuit is not a parallel suit and entertaining this action, to the extent it seeks to resolve Plaintiff's duty to defend

---

[3] As Plaintiff points out, there may be some dispute as to whether North Carolina law would apply to the insurance policies at issue. See (Doc. No. 27, p. 10). However, the duty to defend analysis is largely the same in most jurisdictions. See, e.g., Ramara, Inc. v. Westfiled Ins. Co., 814 F.3d 660, 665 (3d Cir. 2016) (applying Pennsylvania law); Lime Tree Village Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co., 908 F.2d 1402, 1405 (11th Cir. 1993) (applying Florida law).

6

Defendants Phillips and Ronin, would not create any unnecessary entanglement between state and federal courts.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants Phillips and Ronin's Motion to Dismiss. (Doc. No. 22). The Court will exercise its jurisdiction under the Declaratory Judgment Act to resolve the narrow legal issue of whether Plaintiff has a duty to defend Defendants Phillips and Ronin in the Underlying Lawsuit pursuant to the insurance policies at issue. However, the Court declines to exercise its jurisdiction under the DJA to resolve the legal issue of whether Plaintiff has a duty to indemnify and DISMISSES Plaintiff's claims seeking to resolve the issue of indemnification.

### IV. CORESTAFF MOTION TO DISMISS

Corestaff Defendants have moved to dismiss for the same reasons as Defendants Phillips and Ronin. (Doc. Nos. 28, 29). With respect to the useful purpose argument, the Court reincorporates by reference here the analysis and conclusion contained in Section III.a, above. However, because there is a question as to whether Corestaff Defendants are even insured under the policies at issue,[4] the Court finds it appropriate to consider the issues of federalism, efficiency, and comity more thoroughly.

#### a. State's Interest

A federal district court should use its discretion and decline to hear a declaratory judgment action when the action presents "questions of state law [that] are difficult, complex, or unsettled." Id. at p. 378 (citations omitted). When, on the other hand, the question of state law presented in the federal declaratory action involve the "routine application of settled principles of law," the

---

[4] In contrast, Plaintiff admits in its Complaint that Defendant Ronin (and Defendant Phillips, by way of her status as "employee") is insured under the policies at issue. (Doc. No. 1, p. 7).

7

state's interest is not "sufficiently compelling to weigh against the exercise of federal jurisdiction." Id.

Here, Corestaff Defendants argue North Carolina's interest is sufficiently compelling such that this Court should decline jurisdiction because the dispute ultimately centers on the alleged actions of a North Carolina resident, which allegedly harmed another North Carolina resident. (Doc. No. 22-1, p. 10). North Carolina no doubt has a strong interest this case, where two of its residents are involved in a heartbreaking dispute. However, this is true of nearly every other diversity suit filed in federal court. Moreover, the claims in the Underlying Lawsuit—breach of contract, fraud, and unfair and deceptive trade practices—are claims routinely handled by state and federal courts alike; there is nothing difficult, complex, or unsettled about them. See (Doc. No. 1-1). In short, North Carolina's interest in this action is not sufficiently strong to persuade this Court to decline jurisdiction.

### b. Judicial Efficiency

In considering efficiency concerns, a court should "focus primarily on 'whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding[s]' that are already 'pending in state court.'" Nautilus Ins. Co., 15 F.3d at 378 (quoting Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942)). A court should closely consider "the scope of the pending state court proceeding[s]," and "whether the claims of all parties in interest [to the federal proceeding] can be satisfactorily be adjudicated in that proceeding." Nautilus Ins. Co., 15 F.3d at 378-79 (quoting Brillhart, 316 U.S. at 495).

In considering the scope of the pending state court proceeding, which has been pending for more than a year, the Court finds that judicial efficiency weighs neither in favor of nor against exercising jurisdiction over the claims asserted against Corestaff Defendants. In the Underlying Lawsuit, the plaintiff (Defendant Coram here) asserts the following causes of action against

8

Corestaff and Ronin: (1) breach of contract; (2) contribution; (3) fraud and negligent misrepresentation; and (4) unfair and deceptive trade practices. (Doc. No. 1-1). These are relatively straightforward state law causes of action, none of which expressly require resolution of the question whether Corestaff Defendants are entitled to coverage under the insurance policies at issue here. However, the Court is not convinced that exercising jurisdiction here would be the most efficient way to resolve the entire dispute. Indeed, a central question in this case is whether Corestaff Defendants are entitled to coverage under the insurance policies at issue, which is likewise implicitly asked in the Underlying Lawsuit, notwithstanding the fact that Plaintiff here is not a party in the state action. See (Doc. 1-1, pp. 4-10). The Court accordingly finds the efficiency factor to be neutral.

    **c. Unnecessary Entanglement**

The third factor a court must consider when determining whether to entertain a declaratory action is "whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law.'" Nautilus Ins. Co., 15 F.3d at 377 (quoting Mitcheson v. Harris, 955 F.2d 235, 239-40 (4th Cir. 1992)).

Here, there are critical overlapping issues of fact or law that would create unnecessary entanglement with the state court. Central among them is the issue of whether Corestaff Defendants are entitled to insurance coverage by virtue of the staffing agreements with Defendant Ronin. Indeed, Plaintiff here expressly asks for a declaration that it has no duty to defend Corestaff Defendants under the insurance polices at issue. (Doc. No. 1, pp. 32-33). However, in the Underlying Lawsuit, the plaintiff there expressly alleges the insurance policies at issue were intended to afford coverage to Corestaff. (Doc. No. 1-1, p. 12). If this Court agrees to resolve the issue presented by Plaintiff here, it is likely—if not certain—that the parties in the underlying suit

9

would be collaterally estopped from litigating the issue in state court. "Such issue preclusion will likely frustrate the orderly progress of state court proceedings by leaving the state court with some parts of a case foreclosed from further examination but still other parts in need of full[-]scale resolution." Mitcheson, 955 F.2d at 239 (quotation and citation omitted). The Court accordingly finds that exercising jurisdiction over this declaratory action as it relates to Corestaff Defendants would create unnecessary entanglement with the state court system.

### d. Procedural Fencing

District courts should also decline to exercise jurisdiction over declaratory judgment actions when it is clear that the declaratory action "is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata." Nautilius Ins. Co., 15 F.3d at 377. Although there are no allegations that Plaintiff here is engaging in procedural fencing—and the Court likewise declines to assume malintent on the part of Plaintiff—the Court is nonetheless strongly persuaded by any potential preclusive effect of entertaining this action. This factor accordingly weighs in favor of declining jurisdiction.

With respect to this action against Corestaff Defendants, this Court's concerns for federalism and comity outweigh any competing efficiency concerns. Exercising jurisdiction over Plaintiff's claims against Corestaff Defendants would be contrary to principles of federalism and comity and would cause unnecessary entanglement between the federal and state courts, notwithstanding this action's useful purpose. The Court accordingly GRANTS Corestaff Defendants' Motion to Dismiss (Doc. No. 28).

### V. CORAM, AND APRIA MOTION TO DISMISS

Defendants Coram and Apria move to dismiss (Doc. No. 31) on largely the same basis as Corestaff Defendants. The Court accordingly reincorporates by reference the Corestaff analysis here and applies it to Defendants Coram and Apria. The reasons for declining jurisdiction over this

10

Case 3:20-cv-00374-FDW-DSC   Document 40   Filed 02/03/21   Page 10 of 11

action as to Defendants Coram and Apria are perhaps even stronger than they are for declining jurisdiction as to Corestaff Defendants. The Underlying Lawsuit was instituted by Coram (and Apria by way of their corporate structure) precisely because Coram believes it should have been covered in the K.H lawsuit by the insurance policies at issue here. See (Doc. No. 1-1). Plaintiff has instituted this action in this Court precisely because it believes the insurance policies at issue did not afford coverage to Coram for the K.H. lawsuit. (Doc. No. 1, p. 33). It is accordingly impossible for this Court to issue a declaration as to Defendants Coram and Apria without also deciding the issues presented to the state court. The Court therefore GRANTS Defendants Coram and Apria's Motion to Dismiss. (Doc. No. 31).

## VI. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Phillips and Ronin's Motion to Dismiss (Doc. No. 22) is GRANTED IN PART and DENIED IN PART. It is DENIED to the extent Plaintiff seeks a declaratory judgment regarding its duty to defend Defendants Phillip and Ronin in the Underlying Lawsuit. It is GRANTED to the extent Plaintiff seeks a declaratory judgment regarding its duty to indemnify Defendants Phillip and Ronin in the Underlying Lawsuit. Corestaff Defendants Motion to Dismiss (Doc. No. 28) is GRANTED IN FULL. Defendants Coram and Apria's Motion to Dismiss is GRANTED IN FULL (Doc. No. 31).

IT IS SO ORDERED.

Signed: February 3, 2021

_____
Frank D. Whitney
United States District Judge